IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02788-CMA-MJW

MICROSOFT CORPORATION,

Plaintiff(s),

v.

SEIFELDEN ELECTRONICS, LLC, et al,

Defendant(s).

# RECOMMENDATION
## THAT DEFAULT ENTER AGAINST DEFENDANT SEIFELDEN ELECTRONICS, LLC

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before this court pursuant to an Order Referring Case issued by District Judge Christine M. Arguello on December 17, 2009. (Docket No. 8)

On December 17, 2009, plaintiff filed an Affidavit of Service indicating that on December 9, 2009, defendant Seifelden Electronics, LLC, was served by service upon Waleed Dabbour as Registered Agent. (Docket No. 6). On January 19, 2010, an "Answer to Microsoft's complaint against Seifelden Electronics, LLC and Waleed Dabbour" was filed. (Docket No. 11). That pleading, however, was not filed through counsel but was filed by Waleed Dabbour individually and for Seifelden Electronics LLC. (Docket No. 11 at 7).

Thereafter, a Rule 16 Scheduling Conference was to be conducted by the undersigned on March 8, 2010. At that conference, pro se defendant Waleed Dabbour

appeared, but no appearance was made on behalf of defendant Seifelden Electronics, LLC. The court advised Mr. Dabbour that defendant Seifelden Electronics, LLC, a Colorado limited liability company, cannot appear before this court without counsel, in accordance with D.C.COLO.LCivR 83.3, and current case law. (Docket No. 13). Accordingly, defendant Seifelden Electronics, LLC, was directed to retain counsel who is admitted to this bar or be subject to default judgment. (Docket No. 13). The Rule 16 Conference was reset to April 5, 2010, at 11:00. (Docket No. 13).

During the April 5 conference, counsel once again did not appear on behalf of defendant Seifelden Electronics, LLC, and Mr. Dabbour advised the court advised the court that he would not be retaining counsel on behalf of the LLC and that the court should go ahead and enter a default. "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001) (citing Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 414 (10th Cir. 1962)). See Tal v. Hogan, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006); Martin v. Directors of Guild of Am., 2006 WL 1351650, *2 (D. Colo. May 16, 2006) ("It is well established that LLCs must be represented by counsel in order to proceed before this court.").

Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in

Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) **rendering a default judgment against the disobedient party**; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby

**RECOMMENDED** that a default be entered against defendant Seifelden Electronics, LLC, and then that a default judgment be rendered against same.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:      April 5, 2010          s/ Michael J. Watanabe
             Denver, Colorado      Michael J. Watanabe
                                         United States Magistrate Judge