IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02788-CMA-MJW

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

v.

SEIFELDEN ELECTRONICS, LLC, a Colorado limited liability company, and
WALEED DABBOUR, an individual,

    Defendants.

---

## ORDER AFFIRMING AND ADOPTING APRIL 5, 2010 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

    This matter is before the Court on an April 5, 2010, Recommendation by United States Magistrate Judge Michael J. Watanabe (Doc. # 17).

    As set forth in the Recommendation, Magistrate Judge Watanabe recommends that default judgment be entered against Defendant Seifelden Electronics, LLC, for failure to obey court orders set forth at a March 8, 2010 Rule 16 Scheduling Conference. At that Conference, Seifelden Electronics was advised that it cannot appear before the Court without counsel, in accordance with D.C.COLO.LCivR 83.3 D, and current case law. (Doc. # 13.) Seifelden was directed to retain counsel and warned that failure to do so would result in default judgment.

    At an April 5 discovery conference, counsel once again did not appear on behalf of Seifelden. Accordingly, Magistrate Judge Watanabe issued a Recommendation that

default judgment be entered against Seifelden, pursuant to Fed. R. Civ. P. 16(f)[1] and 37(b)(2)(A)(vi)[2]. The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 17 at 3.) Despite this advisement, no objections to the Magistrate Judge's Recommendation were filed by either party.

> "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Applying this standard, the Court concludes that Magistrate Judge Watanabe's thorough and comprehensive analysis and recommendation is sound and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72. The Court agrees that default judgment should be entered against Defendant Seifelden Electronics. Accordingly, it is

ORDERED THAT the Recommendation of United States Magistrate Judge Michael J. Watanabe (Doc. # 17), filed April 5, 2010, is AFFIRMED and ADOPTED. It is

---

[1] "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference...or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

[2] Default judgment may be entered against a disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi).

FURTHER ORDERED that the Clerk of Court shall enter default judgment in favor of Plaintiff Microsoft Corporation and against Defendant Seifelden Electronics, LLC.

DATED: June __16__, 2010

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge